Marvin Schrichten has filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying him a reactivation of his claim and, as a result, denying him allowance of additional conditions.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. Subsequently, a second magistrate was appointed to hear the case.
The parties stipulated the pertinent evidence and filed briefs. The second magistrate then issued a magistrate's decision which includes a recommendation that we deny the requested writ.
Counsel for Mr. Schrichten has filed objections to the magistrate's decision. Counsel for the commission has filed a response. Counsel for General Motors Corporation, Mr. Schrichten's employer, has also filed a memorandum in support of the magistrate's decision. The case is now before the court for a full, independent review.
Mr. Schrichten was originally injured on August 24, 1977. General Motors Corporation ("GM") refused to officially recognize his workers' compensation claim for anything except "lumbosacral strain." Nevertheless, GM paid for a lumbar laminectomy due to a herniated nucleus pulposis with nerve root compression. GM also paid periods of temporary total disability compensation for problems involving the lower back and the disc at the L4-L5 level. Mr. Schrichten received an award for thirty-two percent permanent partial disability via an order which indicated that the claim had been recognized for "low back."
During the same approximate time frame, GM was filing reports with the Ohio Bureau of Workers' Compensation which indicated that the allowed condition was just "lumbosacral strain."
Apparently, Mr. Schrichten's symptoms abated somewhat for several years. Then, in July of 1992, he submitted a C-85-A application to reactivate his claim. He sought payment for further medical services and for temporary total disability compensation for a three-month period from 1990. The diagnosis listed as requiring the reactivation was "backaches."
Apparently, GM paid some or all of the medical bills and two months of temporary total disability compensation. However, in May of 1994, a staff hearing officer issued an order finding that Mr. Schrichten was seeking treatment for "non-related conditions."
On May 1, 1996, another C-85-A application was filed. This application was supported by a report from Brian D. McMaster, D.C., who indicated that Mr. Schrichten showed signs of lumbar disc degeneration accompanied by intermittent signs of radiculopathy.
Based both upon the history provided by Mr. Schrichten and his own physical findings, Dr. McMaster found that the current problems were the result of the low back injury sustained on the job almost twenty years before. GM responded with a report from Ron M. Koppenhoefer, M.D., who found the current problems to be the result of the impact of the aging process on Mr. Schrichten's spine.
 After review of these reports, a deputy of the commission noted:
 "* * * [T]here is no question that claimant's present condition, as attested by both Drs. McMaster and Koppenhoefer is degenerative disc disease, a condition which is long in development and usually associated with the aging process. The condition can develop independent of any traumatic incident or incidents. The Deputy specifically finds that degenerative disc disease is a separate medical condition from the original lumbosacral strain allowed in this claim. Whether it is related causally to the allowed injury and or surgery in this claim is not in question by reason of the C-85A filed 5-15-96, since the application seeks only payment for medical services and authorization of further services. No request was submitted by claimant to secure the allowance of an additional condition. * * * The Deputy, by this order, specifically denies the C-85A filed 5-15-96 for the reasons stated herein, but does not thereby make any finding with respect to the allowance or disallowance of the claim for degenerative disc disease."
Although GM resists recognizing formally anything but "lumbosacral strain," GM by its payment of medical bills and temporary total disability has additionally recognized the condition of herniated nucleus pulposis with associated radiculopathy. The question then presented by the C-85-A filed on behalf of Mr. Schrichten is whether his current problems are "reasonably related to" those allowed conditions. See State exrel. Miller v. Indus. Comm. (1994), 71 Ohio St.3d 229, 232. The deputy of the commission did not directly address this question because the deputy found that the additional condition had not been recognized. Instead, the deputy treated only the lumbosacral strain as having been recognized.
Under the circumstances, we believe the commission should review the merits of the C-85-A application filed May 1, 1996 while accepting the condition of herniated nucleus pulposis with associated radiculopathy as a recognized condition. Then, the commission should make the initial determination as to the merits of the C-85-A application filed May 1, 1996.
We believe that the award of permanent partial disability compensation in 1982 is support for our belief that additional conditions have been recognized. However, a broad-brush recognition of "low back" as a condition does not mean that any present or future problems Mr. Schrichten experiences with his back are automatically to be recognized. We would discourage the commission from the use of broad-based terms such as "back" or "low back" when recognizing conditions or listing recognized conditions in the future.
As a result, we sustain the objections to the magistrate's decision. Based upon our independent review of the evidence, we grant a limited writ of mandamus compelling the commission to vacate its denial of the C-85-A application filed May 1, 1996 and compelling the commission to conduct further review of the merits of that application in accord with this decision.
Objections sustained; limited writ granted.
BOWMAN and BROWN, JJ., concur.